UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR RASHAD GEETER,<br>Petitioner,<br>v.<br>MARCUS POLLARD,<br>Respondent. | Case No. 20-cv-02188-RS (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS CERTAIN CLAIMS** |

## I. INTRODUCTION

Petitioner Jamar Geeter seeks federal habeas corpus relief from his state convictions under 28 U.S.C. § 2254. Respondent moves to dismiss claims 4-7 of his First Amended Petition (FAP) on the grounds that claims 4 and 5 are not cognizable, claims 4-6 are procedurally defaulted, or, alternatively, claims 4-7 are untimely. For the reasons stated herein, Respondent's motion is granted and claims 4-7 of the FAP are dismissed. Respondent shall file an answer addressing the merits of the remaining claims by July 3, 2024. Petitioner shall file his traverse 45 days after the answer is filed. The petition will be deemed submitted on the day the traverse is due.

## II. BACKGROUND

In 2016, Petitioner was convicted of commercial sex trafficking, forcible rape and oral copulation, and pimping and pandering of two minors. He received a prison sentence of fifteen years to life, plus eighty-two years and is currently incarcerated. Petitioner pursued a timely appeal in the Court of Appeal for the First Appellate District, which affirmed the judgment against Petitioner in 2018. The California Supreme Court subsequently denied review on January 2, 2019.

Separately, Petitioner appealed the noneconomic restitution awarded to his victims Z.H. and B.C., which was affirmed in part and reversed in part by the Court of Appeal on May 31, 2019. Petitioner subsequently filed a petition for review in the California Supreme Court regarding the restitution judgment, which was denied on September 11, 2019. The California Supreme Court decision became final on December 10, 2019.

On March 31, 2020, Petitioner filed a writ of habeas corpus in this court with four claims. Then, on April 10, 2020, Petitioner constructively filed a pro se petition for writ of habeas corpus in the California Court of Appeal, which was in fact filed on June 8, 2020. Petitioner's request for a stay of proceedings pending the Court of Appeal's decision was granted under *Rhines v. Weber*, 544 U.S. 269 (2005). The California Court of Appeal denied Petitioner's habeas petition on June 18, 2020. Almost a year later, on June 2, 2021, Petitioner, now represented by counsel, filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on September 22, 2021. Again, almost a year later on September 2, 2022, Petitioner filed a motion to dissolve the *Rhines* stay to reopen the instant case and filed the FAP with eight claims.

As grounds for federal habeas relief, Petitioner claims that: (1) his right to testify in his own defense and right to a fair trial were violated by the inclusion of CALCRIM 361 because the instruction improperly singled out his testimony; (2) his due process right to a fair trial was violated by the admission of highly prejudicial other crimes evidence; (3) his due process rights were violated by the testimony of a detective who stated that he believed the victim; (4) his due process rights were violated by the denial of his request to dismiss the case against him pursuant to California Penal Code § 995; (5) his due process rights were violated by the denial of his motion to suppress evidence under California Penal Code § 1538.5; (6) his due process rights were violated by the denial of his motion to sever counts; (7) his appellate counsel rendered ineffective assistance in violation of his Sixth Amendment and due process rights; and (8) the cumulative effect of multiple trial errors violated his due process rights. Respondent moves to dismiss claims 4, 5, 6, and 7 of Petitioner's claim, arguing that claims 4 and 5 are not cognizable for federal habeas review, claims 4-6 are procedurally defaulted, or, alternatively, claims 4-7 are untimely.

## III. DISCUSSION

### A. Claims 4, 5: Not Cognizable

Under California Penal Code § 995, a criminal defendant may move the court to set aside the information or indictment on which the defendant is arraigned in certain cases. Petitioner insists that denial of his section 995 motion was a denial of his due process rights. This claim is not cognizable. "[T]he Ninth Circuit and district courts within it have concluded [that] claims challenging a state trial court's denial of a section 995 motion are not cognizable in a federal habeas corpus proceeding, even if the petitioner also alleges a violation of a federally protected right." *Shorts v. Clark*, No. 2:19-cv-04899-GW, 2019 WL 7945705 at *4 n.5 (C.D. Cal. Oct. 4, 2019); *see also Lopes v. Campbell*, 408 Fed. App'x 13, 15 (9th Cir. 2010) (A section 995 claim is a "state law claim[]…not cognizable on federal habeas review."); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

Petitioner's fifth claim is also not cognizable for federal habeas relief. He suggests that his Fourth Amendment rights were violated when the trial court denied his motion to suppress under California Penal Code § 1538.5. A section 1538.5 motion is a pretrial motion that allows defendants to move for the return of property or to suppress evidence obtained from an illegal search or seizure. In *Stone v. Powell*, the Supreme Court held that denial of a fairly and fully litigated Fourth Amendment claim is not grounds for federal habeas relief. 428 U.S. 465, 494 (1976). Petitioner insists that *Stone* is inapplicable to his case because the state court's denial of his section 1538.5 motion constituted a deprivation of a full and fair litigation of his Fourth Amendment claim. However, the Ninth Circuit has held that the relevant inquiry under *Stone* is "whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d. 891, 899 (1996). Here, his claim was fully litigated. Therefore, the fifth claim Petitioner brings is also not cognizable for federal habeas review. Accordingly, Respondent's motion to dismiss claims 4 and 5 as not cognizable is granted and claims 4 and 5 are dismissed.

### B. Claims 4-6: Procedural Default

Respondent argues that claims 4 and 5, in addition to claim 6, are procedurally barred from federal habeas review. The procedural default rule is an application of the more general "adequate and independent state grounds" doctrine and applies only when a petitioner "violates a state procedural rule." *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994). Federal habeas review of "a question of federal law decided by a state court [is unavailable] if the decision of that court rests on a state law ground that is independent of a federal question and adequate to support the judgment," unless the petitioner can establish cause for the default and actual prejudice resulting from the alleged violation of federal law, or a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 729, 757 (1991). The state retains the initial burden of pleading the existence of an adequate and independent state procedural ground as an affirmative defense. *Bennet v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003). Once the state has done so, the burden to specify the deficiencies of that state procedure shifts to the petitioner. *Id*. at 586.

In his petition for writ of habeas corpus to the California Supreme Court, Petitioner presented claims 4, 5, and 6. The California Supreme Court denied these claims, invoking *In re Dixon*, 41 Cal.2d 756 (1953). In *Dixon*, the California Supreme Court held that state habeas corpus relief is unavailable where "claimed errors could have been, but were not, raised upon a timely appeal," absent special circumstances constituting valid excuse. *Id.* at 759. Subsequently, the Supreme Court held that the *Dixon* bar constitutes an adequate procedural default for the purposes of federal habeas review. *Johnson v. Lee*, 578 U.S. 605 (2016).

Petitioner concedes that these claims were not raised on appeal but argues that his appellate counsel was ineffective for not raising them on direct review. According to Petitioner, this constitutes cause and prejudice to overcome the *Dixon* bar. Although a claim for ineffective assistance of counsel may be regarded as sufficient cause to overcome the procedural bar, it must rise to a level of constitutional violation as defined in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a defendant bringing a claim for ineffective assistance of counsel must first show that his representation "fell below an objective standard of

1  reasonableness" and it is reasonably probable that, but for counsel's unprofessional errors, the
2  defendant would have prevailed on appeal. *Strickland*, 466 U.S at 688, 694. Petitioner's claim for
3  ineffective assistance of counsel is embodied in claim 7 of his FAP, in which he avers that his
4  appellate counsel fell below the *Strickland* standard by failing to raise the trial court's denial of the
5  section 995 motion, section 1538.5. motion, and motion to sever counts on direct appeal.
6  Petitioner further insists that he was prejudiced by his appellate counsel's omissions, as it is
7  reasonably probable that but for those "errors," the outcome of his appeal would have been
8  different. However, he has failed to aver sufficiently that his appellate counsel's representation fell
9  below an objective standard of reasonableness and was "constitutionally deficient." *Walker v.*
10 *Martel*, 709 F.3d 925, 937 (9th Cir. 2013). Given the extensive litigation of these at the trial level,
11 it is unlikely that but for appellate counsel's failure to raise the section 995 motion, suppression
12 motion, or severance motion, he would have prevailed on appeal. Petitioner's appellate counsel
13 likely omitted weaker arguments strategically, as skilled appellate counsel are wont to do. *See*
14 *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989) ("In many instances, appellate counsel will
15 fail to raise an issue because she foresees little or no likelihood of success on that issue; indeed,
16 the weeding out of weaker issues is widely recognized as one of the hallmarks of effective
17 appellate advocacy"). Petitioner's ineffective assistance of counsel argument is insufficient to
18 overcome the *Dixon* bar. He has failed to show cause and prejudice, and he offers only conclusory
19 allegations that dismissal of his defaulted claims will constitute a fundamental miscarriage of
20 justice. Accordingly, Respondent's motion to dismiss claims 4-6 as procedurally defaulted is
21 granted. Claims 4-6 are dismissed on this additional ground.

22 **C. Claims 4-7: Untimely**

23 Respondent suggests that claims 4-7 of Petitioner's FAP are untimely. The Antiterrorism
24 and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year statute of limitations for
25 filing federal habeas petitions following state judgments, but excludes the period of time during
26 which an application for state collateral review is "pending." 28 U.S.C. § 2244(d)(1); 2244(d)(2);
27 *see also Carey v. Saffold*, 536 U.S. 214, 216-217 (2002). In this case, Petitioner's judgment

became final on December 10, 2019, ninety days after the California Supreme Court denied review and following the period in which Petitioner could have filed a petition for a writ of certiorari from the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). This means that he had until December 11, 2020 to file his federal petition. His original federal petition, which did not include claims 4-7, was filed on March 31, 2020 and was accordingly timely. His FAP was not filed until September 2, 2022, which was after the December 11, 2020 deadline.

Petitioner does not dispute that the limitations period commenced on December 11, 2019, nor the argument that claims 4-7 were filed beyond that one-year period. Instead, he argues that he filed a "mixed" petition–containing both exhausted and unexhausted claims–and was granted a *Kelly* stay.[1] *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). In fact, Petitioner was granted a *Rhines* stay. Dkt. 18; *see Rhines*, 544 U.S. 269. While a *Kelly* stay requires the petitioner to remove his unexhausted claims from the petition prior to staying and holding in abeyance the exhausted claims, a *Rhines* stay is distinguishable in that, in limited circumstances and upon a showing of good cause, it permits the stay of a mixed habeas petition and holds in abeyance all claims—both exhausted and unexhausted—so that a petitioner may return to state court and exhaust all claims there. *King v. Ryan*, 564 F.3d 1133, 1135-36 (9th Cir. 2009). Regardless, Petitioner has failed to explain why claims 4-7 are not untimely. The original federal petition did not include claims 4-7. The *Rhines* stay, which was granted on June 10, 2020, pertained to that original petition. The FAP was filed on September 2, 2022, the same day Petitioner filed the motion to dissolve the stay and reopen proceedings. Claims 4-7 were not covered by the *Rhines* stay.

Even if his amended claims are untimely, Petitioner insists that they "relate back" to his

---

[1] A *Kelly* stay entails the following: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009).

original claims. Federal Rule of Civil Procedure 15 states that an amended pleading relates back to an original if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out…in the original pleading." Fed. R. Civ. Pro. 15(c)(1)(B).[2] Applying this rule and provisions from the Habeas Rules that require a petitioner to specify "all grounds for relief" to amendments in the habeas corpus context, the Supreme Court has ruled that in some circumstances, an amended habeas petition may "relate back" to an original petition, unless the new petition "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Petitioner contends that his amended and original claims are all "tied to a common core of operative facts" and aver due process violations, so fit the contours of the test articulated in *Mayle*. *See id*. at 647.

In *Mayle*, the petitioner's amended pleading included both the original Sixth Amendment Confrontation Clause claim and a new Fifth Amendment coerced confession claim. The Supreme Court held that the latter claim failed to "relate back" to the original petition because the petitioner's pretrial statements arose in an occurrence that was "separate in 'both time and type'" from the events on which the original claims depended. *Mayle*, 545 U.S. at 657. The Ninth Circuit has clarified that the relation back inquiry entails two steps: first, analyzing the claims in the amended petition and the "core facts [that] underlie those claims;" and second, for each amended claim, reviewing whether the original petition set out a "corresponding factual episode" or "whether the…facts differ in both time and type from those the original pleading set forth." *Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir. 2020) (internal quotations omitted). "Sufficient correspondence exists if the two claims arise out of the same episode-in-suit." *Id*. at 1168.

The "core facts" underlying the amended claims are as follows: in claim 4, Petitioner

---

[2] The Supreme Court has held that the Federal Rules of Civil Procedure apply to habeas proceedings when consistent with the Rules Governing Section 2254 Cases (the "Habeas Rules"). *Mayle v. Felix*, 545 U.S. 644, 650 (2005); *see also Ross v. Williams*, 950 F.3d 1160, 1166 (9th Cir. 2020) ("Under provisions of both the Federal Rules of Civil Procedure and the [Habeas Rules], the Federal Rules of Civil Procedure apply to habeas proceedings to the extent they are consistent with the Habeas Rules, federal statutory provisions, and habeas practice.")

asserts that his motion to suppress was wrongfully denied; in claim 5, he argues that his section 995 pretrial motion was denied in violation of his due process rights; claim 6 suggests that denial of his motion to sever counts was unduly prejudicial; and claim 7 presents that his appellate counsel's assistance was ineffective. For each of these claims, the original petition did not set out or attempt to set out a "corresponding factual" event that could serve the basis to relate Petitioner's amended claims to his original petition. Rather, they reflect facts untethered to the events laid out in the original petition, such that they differ in both time and type and did not arise out of the same episode-in-suit. Accordingly, the amended claims do not relate back to the original, timely petition.

Petitioner finally argues that his amended claims should not be dismissed for untimeliness or procedural default because they establish actual innocence or a fundamental miscarriage of justice. The "fundamental miscarriage of justice" exception provides that "actual innocence serves as a gateway through which a petitioner may pass whether the impediment is…expiration of the AEDPA statute of limitations." *McQuiggen v. Perkins*, 569 U.S. 383, 383-84 (2013). However, the Supreme Court cautioned that this exception is rarely applicable, only in "cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner." *Id*. at 394-95 (cleaned up). Here, Petitioner fails to present any new evidence to support his actual innocence argument, and his vague references to the cumulative errors at trial are insufficient for a showing of actual innocence such that he may overtime AEDPA's statute of limitations bar. Accordingly, Respondent's motion to dismiss claims 4-7 on the basis of untimeliness is granted and claims 4-7 are dismissed on this additional ground.

## IV. CONCLUSION

Respondent's motion to dismiss claims 4-7 is granted. Claims 4-7 are hereby dismissed. Respondent shall file an answer addressing the merits of the remaining claims by July 3, 2024. Petitioner shall file his traverse within 45 days after the answer is filed. The petition will be deemed submitted on the day the traverse is due.

**IT IS SO ORDERED**.

Dated: March 7, 2024

_____
RICHARD SEEBORG
Chief United States District Judge